UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| *In Re* Damaris June., rhodes.,[1] | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:04-CV-250-TS |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
|     Defendants. | ) | |

**OPINION AND ORDER**

The *pro se* Plaintiff, Damaris June., rhodes., filed a seventy-one page Complaint against the United States of America, the Internal Revenue Service Commissioner Mark W. Everson, Internal Revenue Service Operations Manager Dennis L. Parizek, Internal Revenue Service Operations Manager Larry Leder (she refers to him as "Slave Plantation Guard," (Pf.'s Comp. at 70)), and Edward Kimmell, who purchased the Plaintiff's property seized by the Noble County Treasury. The Complaint is accompanied by a fifty-nine page document entitled "Statement of the Case and Facts With Stipulations," and a document entitled "Exhibits," which directs the Court to download various

---

[1] The Plaintiff insists on being identified in this manner. In her Complaint, she states:
**Who I am**: I, Damaris June., rhodes,, a child of The God Almighty, a natural born woman of the land, nativity in Kendallville, Noble County, Indiana, one of fifty (50) Union States . . . . Damaris June., named by God Almighty before the foundation of the world, Who calls me by my name . . . . The name Damaris June., is on no birth certificate, sovereign without Federal, State or state contract, social security number, et al. Damaris June., has not signed into the Federal Zone, therefore has nothing to sign out of.
. . .
. . . I give **Notice** of, renounce and revoke any and all signatures and powers of attorney that being imposters but appeared to be similar in spelling but not being correctly spelled Damaris June., rhodes., because they are not Me.
(Pf.'s Statement of the Case at 4–5, 6). To avoid any confusion, the Court will grant the Plaintiff's request.

materials from the world wide web, and which includes an excerpt from "Protocols of the Learned Elders of Zion."

For the most part, the Complaint and the accompanying materials are incomprehensible, and it is unclear what involvement, if any, Everson, Parizek, Leder, or Kimmell had in allegedly harming the Plaintiff. On their face, the Plaintiff's pleadings reveal considerable confusion: on the one hand she proclaims to live in the non-Federal Zone as a sovereign of the heavens not subject to laws; on the other hand, she insists that the laws of the United States be enforced. Aside from these contradictions, the Complaint alleges that the United States government conspired to prevent the proclamation of "N.E.S.A.R.A. (National Economic Security And Reformation Act)," which purportedly was signed into law by President Clinton and which dissolved the Internal Revenue Service and canceled all debt.[2] In addition, the Plaintiff claims to have discovered evidence that the Sixteenth Amendment to the United States Constitution was never ratified and is being wrongly perpetrated as law against the citizens of the United States. The Plaintiff also complains of being treated "like a Federal citizen[,] though [she is] a Citizen of heaven [and she is] a living sovereign of the United States of America in the Indiana Republic." (Pf.'s Comp. at 24.) The Plaintiff cites to numerous biblical passages and refers to them as statutes. She complains about the Supreme Court not taking every case for review and about a conspiracy among ten United States senators to undermine our nation. The Plaintiff also complains about the school requirements that children be vaccinated, and about a conspiracy to introduce NutraSweet into Americans' diets to slowly murder them.

---

[2]According to the Plaintiff, the United States government sabotaged N.E.S.A.R.A.'s proclamation by staging the September 11, 2001, attacks. In addition, she avers that any discussion about N.E.S.A.R.A.'s enactment is forbidden by the Supreme Court's gag order.

Toward the end of her Complaint, the Plaintiff petitions for a writ of habeas corpus so that she can be freed from "the State Statute Legalized Poverty Prison and the Federal Zone Legalized Labor Camp otherwise called Federal Slave Plantation." (*Id.* at 54, 59–60.) She also complains that her election "to be postal 'patron' and not a postal 'customer' has been forcibly ignored." (*Id.* at 63) Finally, she states that "CIA's MKUltra and others know as Monarch, Bluebird, Artichoke, MKDelta or MKNaomi and their name changes are creating many forms of mind control to cause plagues, disease such as cancer by beaming in on specific people or communities to bring death to those chosen to be unwanted by the government or Illuminati policy." (*Id.* at 68.)

Among these random allegations, the Plaintiff requests that her property at 214 and 216 East Iddings, in Kendalville, Indiana, which was seized by the Internal Revenue Service and Noble Country Treasury for nonpayment of taxes, be restored to her. She believes that her property was taken away in violation of due process and in violation of her right to free exercise of religion. In addition, the Plaintiff maintains that someone has trespassed on her property over fifty times and is asking for one million gold backed dollars for each trespass plus one million dollars for each fifty trespasses. Finally, the Plaintiff wants this Court to grant her access to all evidence concerning N.E.S.A.R.A.'s enactment and coverup. Aside from these requests, the Court is unable to ascertain any other specific demands that the Plaintiff might have attempted to make.

Defendant Kimmell moved dismiss the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 8(e). The government Defendants Everson, Parizek, Leder, and the United States of America also moved to dismiss the Plaintiff's Complaint. The Plaintiff responded to these motions by submitting further elaborations on N.E.S.A.R.A. She also filed numerous motions of her own. One of the motions seeks to amend her Complaint and to add President George

3

W. Bush as a defendant in this case. In other motions, she seeks discovery from the Defendants and offers to present additional evidence in support of her Complaint. She also moved for a default judgment against all the Defendants. Finally, the Plaintiff filed some miscellaneous motions all of which in one way or other repeat the contentions raised in the Complaint.

**A.  Standard for Dismissal**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A dismissal under Rule 12(b)(6) for failure to state a claim is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). However, in examining whether a complaint adequately states a claim for which relief may be granted, this court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claim or to assign weight to unsupported conclusions of law. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992). The complaint does not need to specify the correct legal theory or point to the right statute to survive a 12(b)(6) motion to dismiss provided that "relief is possible under any set of facts that could be established consistent with the allegations." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir.1992).

Federal notice pleading requires only that the plaintiff "set out in her complaint a short and

4

plain statement of the claim that will provide the defendant with fair notice of the claim." *Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (quoting *Scott v. City of Chicago,* 195 F.3d 950, 951 (7th Cir. 1999)). In addition, *pro se* pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed however inartfully pleaded. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000); *Castillo v. Cook Cty. Mail Room Dept.*, 990 F.2d 304, 306 (7th Cir. 1993).

### B. Defendant Kimmell

In his motion to dismiss, Kimmell argues that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction to address the Plaintiff's claims against him because the Plaintiff is asking this Court to review a state court's ruling. Kimmell attached with his motion a March 8, 1999, Judgment from the Noble County Circuit Court, which granted him possession of the property formerly owned by the Plaintiff. The Plaintiff has not responded to Kimmell's arguments.

Kimmell is correct that, in so far as the Plaintiff seeks to get his property by setting aside a state court judgment, this Court has no jurisdiction over her claim. *See Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) ("Simply put, the *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment.'" (citation omitted)). The Noble County Circuit Court has already settled the dispute between the Plaintiff and Kimmell, ordering her to turn over the premises to him immediately. If the Plaintiff disagreed with that court's judgment, she should have appealed it to Indiana appellate court, not a

federal district court.

The Plaintiff has not stated any other claims against Kimmell for which relief could be granted. She contends that the Internal Revenue Service seized her property without due process and in violation of her right to free exercise of religion, but does not allege that Kimmell was in any way involved in this seizure. Accordingly, he can be dismissed from this case.[3]

**C. The Government Defendants Everson, Parizek, Leder, and the United States of America**

As noted above, the Plaintiff maintains that the Internal Revenue Service seized her home without due process and in violation of her right to a free exercise of religion. She believes that as a child of The God Almighty she is the sovereign of heaven, not subject to Federal or state laws, and thus not subject to taxation, which the United States has attempted to impose upon her.

The government Defendants Everson, Parizek, Leder, and the United States of America argue that the Plaintiff's suit involves only Kimmell and the United States. They believe that Everson, Parizek, and Leder were sued in their official capacities and, thus, the real defendant is the United States; but since the United States may not be sued without its consent, the Plaintiff's suit against the government Defendants must be dismissed. According to them, the same is true even if her suit is for injunctive or declaratory relief, because her action is prohibited by the Anti-Injunction Act and the Declaratory Judgment Act. In addition, the Government Defendants point out that the

---

[3]On the last page of her Complaint the Plaintiff states: "Mr. Kimmell who paid the bribe for my possessions is also unknowingly a victim to the laws and statutes of enslavement by the state and Federal laws." (Pf.'s Comp. at 71.) While this statement seems to suggest that Kimmell was somehow involved with the seizure of the Plaintiff's home, that is not the case. Elsewhere in the Complaint, the Plaintiff used the word "bribe" to refer to lawful things, which she believes to be unlawful. For example, the Plaintiff maintains that fees for various licenses, permits, registrations, titles, and so on are the citizens' bribes to the government for their ability to carry on with their day-to-day activities. (Pf.'s Comp. at 17.) Accordingly, the Court does not construe the above statement as an allegation that Kimmell actually paid a bribe, as that word is understood by an average person, in order to gain her property.

Plaintiff fails to state a claim for mandamus and fails to state a claim for damages under *Bivens*. The Plaintiff has not responded to any of these arguments.

In her Complaint, the Plaintiff does not state whether she is suing Everson, Parizek, and Leder in their individual or official capacities. Therefore, the Court on its own must determine the nature of the Plaintiff's suit. *Stevens v. Umsted*, 131 F.3d 697, 707 (7th Cir. 1997) ("[T]he fact that a complaint does not state the capacity under which the defendant is being sued is not conclusive that it is only in the defendant's official capacity. 'A court must also consider the manner in which the parties have treated the suit.'" (citations omitted)).

Nothing in the Plaintiff's Complaint suggests that she is seeking any remedy from Everson, Parizek, or Leder personally. In fact, the Plaintiff's relief—the return of her property—is available only against the United States. Moreover, the Plaintiff has not alleged that Everson, Parizek, and Leder did anything particular to seize her property. Instead, she claims that "she was removed [from her property] because [her] Private Property by IRS lien was sold and seized without due process." (Pf.'s Statement of the Case at 1.) Finally, she is requesting injunctive relief, which may only be recovered from public officials acting in their official capacities. *See Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir. 1991). All these factors suggest that the Plaintiff sued Everson, Parizek, and Leder in their official capacities. *See Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989) ("When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States.").

An action against federal officers or employees in their official capacities is really an action against the United States that requires its consent. *See Hawaii v. Gordon*, 373 U.S. 57, 57–58

7

(1963); *Dep't. of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999). Where the United States has not consented to suit, the courts lack subject matter jurisdiction over the action. *Amwest Sur. Ins. Co. v. United States*, 28 F.3d 690, 694 (7th Cir. 1994) ("The United States cannot be sued unless Congress has waived sovereign immunity with respect to the claim being asserted and the existence of such waiver is a prerequisite for jurisdiction in the district court."). The government's consent must be unequivocally expressed and is to be strictly and narrowly construed in favor of the United States. *United States v. Idaho ex rel. Dir., Idaho Dept. of Water Res.*, 508 U.S. 1, 7 (1993). The plaintiff has the burden to establish that the United States has consented to the suit. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993).

The United States insists that it has not consented to the Plaintiff's suit, and the Plaintiff presents no evidence to the contrary. The Court's own review of cases finds no basis to believe that the Congress has waived the government's sovereign immunity for suits like the Plaintiff's. Accordingly, this Court has no jurisdiction over the Plaintiff's claims against the government Defendants.

Even if the Court construes the Plaintiff's action as seeking injunctive or declaratory relief, the case must nevertheless be dismissed. The Anti-Injunction Act, 26 U.S.C. § 7421, and Declaratory Judgment Act, 28 U.S.C. § 2201, bar the Plaintiff's case. The Anti-Injunction Act prohibits suits, like the Plaintiff's, that restrain the government's ability to collect taxes: "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. This plain prohibition has been construed by the courts almost literally. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736–737 (1974) ("In furtherance of these goals, the [Supreme] Court

in its most recent reading gave the Act almost literal effect.").

Similarly, the Plaintiff gets no relief under Declaratory Judgment Act:

> In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code of 1986, a proceeding under section 505 or 1146 of title 11, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . .

28 U.S.C. § 2201(a) (emphasis added).

Accordingly, the Plaintiff's Complaint against the government Defendants must be dismissed.

### C.  Writ of Mandamus

Even if the Plaintiff's suit were construed as seeking a writ of mandamus, the Plaintiff's case could not proceed any further.

> Mandamus may properly issue only when three elements are present:
> (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available. Regarding the first of these elements it is also established that the mandamus remedy is only available "under exceptional circumstances of clear illegality."

*Americana Healthcare Corp. v. Schweiker*, 688 F.2d 1072, 1084 (7th Cir. 1982) (citations omitted). "A party seeking a writ of mandamus shoulders the burden of showing that a right to relief is clear and indisputable."*Banks v. Sec. of Ind. Family and Social Servs. Admin.*, 997 F.2d 231, 244 (7th Cir.1993).

The Plaintiff has failed to meet this burden. She has not shown clear illegality and has not demonstrated that no other adequate remedy is available to her. In fact, as the government

Defendants point out, she has an adequate remedy at law: she may pay the tax owed and apply for a refund; if the Internal Revenue Service disallows the refund she may file suit in district court. IRC § 7422.

**D. The Plaintiff's Motions**

After Kimmell filed his motion to dismiss, the Plaintiff twice moved to amend her Complaint and to add President George W. Bush as a defendant in her suit. The Plaintiff's proposed amended complaints suffer from the same flaws as her original Complaint. Accordingly, the Plaintiff's motions to amend her Complaint will be denied.

The Court will also deny the Plaintiff's Motion for Default Judgment as groundless. First, Kimmell responded to her Complaint within sixteen days of its filing. Second, there is no evidence that any of the government Defendants were ever properly served with her Complaint. If anything, this failure should operate as a cause for dismissing her Complaint against the government Defendants.

The Plaintiff's remaining motions are rendered moot by the Court's dismissal of her case.

**CONCLUSION**

For the reasons stated, the Court:

- GRANTS Edward L. Kimmell's Motion to Dismiss [DE 58];
- GRANTS United States of America, Mark W. Everson, Dennis L. Parizek, and Larry Leder's Motion to Dismiss [DE 83];
- DENIES Damaris June., rhodes.,' Motion to Amend the Complaint [DE 65];

- DENIES Damaris June., rhodes.,' second Motion to Amend the Complaint [DE 78];

- DENIES Damaris June., rhodes.,' Motion for Default Judgment [DE 77].

Damaris June., rhodes.,' Motion to Continue [DE 65], Motion to Present New Evidence and Request for Additional Relief [DE 65], Motion to Show New Evidence [DE 76], Motion to Extend or Expand Disclosure to All [DE 80], Motion to Amend/Correct [DE 82], Motion to Compel [DE 85], Motion for Ruling [DE 87], and second Motion for Ruling [DE 90] are rendered MOOT.

Judgment will be entered in favor of all the Defendants and against the Plaintiff.

SO ORDERED on September 30, 2005.

    S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT